## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES RICE KENDALL and
ANN P. HOCHBERG, as Trustees for
The Thomas E. Proctor Heirs Trust,
and BANK OF AMERICA, N.A., and
JOHN J. SLOCUM, JR. as Trustees for
The Margaret O.F. Proctor Trust,

          Plaintiffs,

    v.

LANCASTER EXPLORATION &
DEVELOPMENT COMPANY, LLC,

          Defendant.

CIVIL ACTION No.

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiffs Charles Rice Kendall and Ann P. Hochberg, the Trustees of the

Thomas E. Proctor Heirs Trust, and Bank of America, N.A., and John J. Slocum,

Jr., the Trustees of the Margaret O.F. Proctor Trust (collectively, the "Proctor

Trusts"), for their Complaint against Defendant Lancaster Exploration and

Development, LLC, aver the following:

### INTRODUCTION AND SUMMARY

1.    This is an action seeking a decree quieting title to certain subsurface

estates in Bradford, Cameron, Clearfield, Elk, Jefferson, Lycoming and Sullivan

Counties owned by Plaintiffs, the Trustees of the Thomas E. Proctor Heirs Trust

("PHT") and the Trustees of the Margaret O.F. Proctor Trust ("MPT"). Defendant

Lancaster Exploration and Development Company, LLC ("Lancaster") claims an interest in these properties pursuant to an oil and gas lease with the PHT, and has filed declarations claiming an interest in these properties, even though the Pennsylvania Superior Court has already held that the lease through which Lancaster claims an interest is invalid, on the ground it violates the Pennsylvania Guaranteed Minimum Royalty Act, Act of July 20, 1979, P.L. 183, § 1.3, *as repealed and reenacted by* Act of July 9, 2013, P.L. 473, §§ 1-2, 58 P.S. § 33.3 (the "GMRA").  *See Southwestern Energy Prod. Co. v. Forest Resources, LLC*, 83 A.3d 177, 189 (2013).  Further to its legally-invalid claims, Lancaster has filed a number of instruments that cloud the Proctor Trusts' title, which this action seeks to address and resolve.[1]

## THE PARTIES

2.      The PHT is a trust held for the benefit of most of the numerous heirs of Thomas E. Proctor, Sr. whose current trustees are Ann P. Hochberg and Charles R. Kendall.  Pursuant to the trust document, the trustees of the trust have the authority to sue and be sued and prosecute and defend any and all actions affecting the trust or its property.

3.      Plaintiff Charles Rice Kendall, co-trustee of the PHT, is an adult individual domiciled in Maine.

---

[1] Other claims relating to the lease at issue are presently pending before the Court of Common Pleas of Lycoming County in *Southwestern Energy Prod. Co. v. Forest Resources, LLC,* No. 11-02308, but the issues presented herein are not presently before that court.  Plaintiffs bring this action in an effort to obtain an expeditious resolution of the narrower question presented here.

4.     Plaintiff Ann P. Hochberg, co-trustee of the PHT, is an adult individual domiciled in Massachusetts.

5.     The Margaret O.F. Proctor Trust ("MPT") is a trust held for the benefit of the heirs of Margaret O.F. Proctor whose current trustees are John J. Slocum, Jr., and Bank of America, N.A.  Pursuant to the trust document, the trustees of the trust have control over the property or assets of the trust and the authority to sue and resolve any and all claims or demands affecting property of the trust.

6.     Plaintiff Bank of America, N.A., co-trustee of the MPT, is a national banking association with its main office located in Charlotte, North Carolina. Pursuant to 28 U.S.C. § 1348, Plaintiff Bank of America, N.A. is deemed to be a citizen of North Carolina.

7.     Plaintiff John J. Slocum, Jr., co-trustee of the MPT, is an adult individual domiciled in Rhode Island.

8.     Upon information and belief, Lancaster is a Michigan limited liability company with a principal place of business located at 30833 Northwestern Highway, Suite 204, Farmington Hills, Michigan 48334.

9.     Upon information and belief, the members of Lancaster are Lawrence M. Elkus, an adult individual domiciled in Michigan, and/or Rockhall Management Company, LLC, a Michigan limited liability corporation whose sole member, on information and belief, is Mr. Elkus.  Lancaster is therefore deemed to be a citizen of Michigan.

## JURISDICTION AND VENUE

10.    Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of costs and interest, and there is complete diversity of citizenship between all Plaintiffs and Defendant.[2]

11.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the property that is the subject of the action is situated in this judicial district and a substantial part of the events giving rise to the claims occurred in this judicial district.

## FACTUAL BACKGROUND

### A.    The Proctor Oil and Gas Interests

12.    The Proctor Trusts together own 100% of the oil and gas rights to certain properties located in Bradford, Cameron, Clearfield, Elk, Jefferson, Lycoming and Sullivan Counties, Pennsylvania, consisting of approximately 100,240 gross acres as set forth in Instrument # 200213718 recorded at the Bradford County Register of Deeds (the "Subject Property").

---

[2] The citizenship of the trustees is utilized for diversity purposes where, as here, the action is brought in the names of the trustees and the trustees have the right to sue and be sued on behalf of the trust. *See, e.g., Navarro Savings Association v. Lee*, 446 U.S. 458, 464-66, 100 S.Ct. 1779, 1783-84 (1980); *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 201-02 (3d Cir. 2007). Even if the Court were to consider the citizenship of each of the beneficiaries, however, there remains federal jurisdiction, in that the beneficiaries are citizens (variously) of Alaska, Colorado, Illinois, Maine, Massachusetts, New Hampshire, Maryland, New York, Rhode Island, South Dakota, Tennessee, and West Virginia.

13.    The PHT owns an undivided 93.75% interest in the Subject Property and the MPT owns an undivided 6.25% interest.

14.    The MPT has not validly assigned its 6.25% interest in the Subject Property to the PHT.

### a. The PHT Lease

15.    On June 17, 2002, PHT executed a letter agreement and lease with Lancaster, copies of which are attached hereto as Exhibit A, leasing all of PHT's petroleum and natural gas rights in the Subject Property to Lancaster for a period of five (5) years (collectively "PHT Original Lease").

16.    On February 17, 2005, at Lancaster's request, PHT and Lancaster executed a letter agreement drafted by Lancaster, a copy of which is attached hereto as Exhibit B, specifically amending and restating the terms of the PHT Lease, including but not limited to extension of the lease term to ten (10) years and modification of the royalty to be received by the PHT ("Letter Agreement").

17.    On June 22, 2005, at Lancaster's request, PHT and Lancaster further executed an "Extension of Oil and Gas Lease" drafted by Lancaster, a copy of which is attached hereto as Exhibit C, memorializing the extension of the lease term to ten (10) years ("Lease Amendment").

18.    Lastly, on August 5, 2005, the PHT and Lancaster executed an additional letter agreement, a copy of which is attached hereto as Exhibit D, further amending the PHT Lease to exclude certain property located outside of Pennsylvania ("Second Letter Agreement").

19.     The PHT Original Lease, Letter Agreement, Lease Amendment and Second Letter Agreement are referred to collectively as the "PHT Lease."

### b.  The TEP Jr. Lease

20.     The Thomas E. Proctor Jr. Trust ("TEP Jr.") was a trust that benefited certain heirs of the Proctor Family.

21.     On June 18, 2002, TEP Jr. executed a letter agreement, and on July 23, 2002 TEP Jr. executed a lease, both with Lancaster, copies of which are attached hereto as Exhibit E, leasing all of TEP Jr.'s petroleum and natural gas rights in Pennsylvania to Lancaster for a period of five (5) years (collectively "TEP Jr. Original Lease").

22.     On June 25, 2005, at Lancaster's request, TEP Jr. and Lancaster executed an "Extension of Oil and Gas Lease," a copy of which is attached hereto as Exhibit F, memorializing the extension of the lease term to ten (10) years ("TEP Jr. Amendment").

23.     On August 2, 2005, at Lancaster's request, TEP Jr. and Lancaster executed a letter agreement, a copy of which is attached hereto as Exhibit G, specifically amending and restating the terms of TEP Jr. Lease, including but not limited to the above extension of the lease term and modification of the royalty to be received by TEP Jr. ("TEP Jr. Letter Agreement").

24.     The TEP Jr. Original Lease, TEP Jr. Amendment and TEP Jr. Letter Agreement, shall hereinafter be referred to collectively as the "TEP Jr. Lease" and the PHT Lease and the TEP Jr. Lease are collectively referred to as "the Leases."

25.     The TEP Jr. terminated and all of its beneficiaries have transferred or assigned their interests to PHT.

**B.      The Leases Violate Pennsylvania's Guaranteed Minimum Royalty Act.**

26.     The PHT Lease, as amended by the PHT Letter Agreement suggested and drafted by Lancaster, purports to assign 50% of the royalty to be earned by the PHT back to Lancaster, and refers to the lessor's royalty as a "6.25% royalty."  See Exhibit B at Section 3.(b) and (d).

27.     The TEP Jr. Lease, as amended by the TEP Jr. Letter Agreement suggested and drafted by Lancaster, purports to assign 50% of the royalty to be earned by TEP Jr. back to Lancaster, and refers to the lessor's royalty as a "6.25% royalty."  See Exhibit G at Section 3.(b) and (d).

28.     No subsequent amendment, assignment, deed, or document has modified these royalty provisions, and therefore the PHT and TEP Jr. Leases only guarantee the lessor a 6.25% royalty.

29.     The GMRA specifically states that "[a] lease or other such agreement conveying the right to remove or recover oil, natural gas or gas of any other designation from lessor to lessee shall not be valid if such lease does not guarantee the lessor at least one-eighth royalty of all oil, natural gas or gas of other designations removed or recovered from the subject real property."

30.     Both the PHT and TEP Jr. Leases, as amended by the PHT and TEP Jr. Letter Agreements, fail to guarantee that the lessor receives at least one-eighth royalty of all oil, natural gas or gas of other designations removed or recovered from the Subject Property.

31.     In *Southwestern Energy Prod. Co. v. Forest Resources, LLC*, 83 A.3d 177, 189 (2013), the Pennsylvania Superior Court ruled that the "assignment back" provision of the PHT's royalty interest violates the GMRA.

**C.     The Invalid Leases Place a Cloud on the Proctor Trusts' Title**

32.     Lancaster continues to assert an interest in the Subject Property despite the fact that the Leases are not valid as they violate the GMRA.

33.     On or about August 24, 2016, Lancaster filed a declaration of claim of interest with respect to the Subject Property with the Sullivan County Recorder of Deeds, placing a cloud on the Proctor Trusts' title.

34.     Upon information and belief, Lancaster has filed similar declarations of interest and other recorded instruments claiming ownership of or an interest in the Subject Property in other counties.  The declarations of interest filed by Lancaster with respect to the Subject Property are collectively referred to as "the Lancaster Filings."

35.     The Lancaster Filings have created a cloud on the Proctor Trusts' title in the Subject Property.

36.     Because of the cloud on the Proctor Trusts' title, they have been unable to lease their interests in the Subject Property.

37.     The value of the oil and gas interests in the Subject Property far exceeds $75,000.

## COUNT I - QUIET TITLE

38.     The Proctor Trusts hereby incorporate by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

39.     The Proctor Trusts seek to quiet title to the oil and gas rights of the Subject Property to remove any cloud on their title to the Subject Property that has been created by Lancaster's actions.

40.     The Proctor Trusts hold title to the natural gas and oil contained in the Subject Property as set forth above.

41.     There is a cloud on the Proctor Trusts' title to the oil and gas rights in the Subject Property because Lancaster claims to have rights under the PHT Lease and TEP Jr. Lease, even though the Leases are invalid.

42.     Lancaster has made claims to ownership or has tried to convey interests in the oil and gas associated with the Subject Property.

43.     The Proctor Trusts seek to have the Lancaster Filings removed from the chain of title to eliminate the cloud on the Trusts' title.

44.     The Proctor Trusts also seek to have an order compelling Lancaster to record surrenders of the Leases in the Recorder of Deeds Office for each county to eliminate the cloud on the Trusts' title.

45.     The Proctor Trusts also seek to have an order compelling Lancaster to admit that the Leases are invalid and cancel or discharge any obligations under the Leases.

9

WHEREFORE, the Proctor Trusts respectfully request that this Court enter an order holding that the Leases are invalid and that Lancaster has no right in the Subject Property, ordering Lancaster to admit that the Lease are invalid and to cancel or discharge any obligations under the Leases, striking the Lancaster Filings from the chain of title, and compelling Lancaster to record surrenders of the Leases in the Recorder of Deeds Office for each county.

## PRAYER FOR RELIEF

WHEREFORE, the Proctor Trusts demand judgment in their favor and against Lancaster as follows:

(i)     That the Court enter an order requiring Lancaster to strike, withdraw or otherwise remove all Lancaster Filings in the chains of title for the Subject Property;

(ii)    That the Court enter an order compelling Lancaster to record surrenders of the Leases in the Recorder of Deeds Office for each county.

(iii)   That the Court enter an order enjoining Lancaster from (i) entering into any additional leases relating to the Subject Property, (ii) filing any documents claiming title or interest in the Subject Property; (iii) receiving, accepting and/or depositing any funds associated with any leases of the Subject Property;

(iv)    That the Court enter an order requiring Lancaster to turn over to the Proctor Trusts any and all funds received in connection with any lease of the Subject Property;

10

(v)     That the Court enter an order compelling Lancaster to admit that the Leases are invalid and to cancel or discharge any obligations under the Leases; and

(vi)     That the Court grant such other relief as it shall deem just and equitable under the circumstances.

Plaintiffs demand a jury trial on all claims so triable.

Dated:  June 23, 2017

Respectfully submitted,

/s/ *Laura A. Lange*
Laura A. Lange
   Pa. ID No. 310733
Paul K. Stockman (*pro hac vice to be filed*)
   Pa. ID No. 66951
McGuireWoods LLP
625 Liberty Avenue, Suite 2300
Pittsburgh, PA  15222
Telephone:  (412) 667-6000
Fax:  (412) 667-6050
llange@mcguirewoods.com
pstockman@mcguirewoods.com

11