# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES RICE KENDALL as Trustee for The Thomas E. Proctor Heirs Trust, *et al.*, | No. 17-1117 |
| | [Filed Electronically] |
| | Judge Brann |
| Plaintiffs, | |
| *vs.* | |
| LANCASTER EXPLORATION & DEVELOPMENT COMPANY, LLC | |
| Defendant. | |

## MOTION TO DISMISS

Pursuant to Fed. R. Civ. Pro. 12(b)(1) and (6), Chief Oil & Gas, LLC; Chief Exploration and Development, LLC ("Chief"); Radler 2000 L.P. ("Radler"); Tug Hill Marcellus, LLC ("Tug Hill"); and Enerplus Resources (USA) Corporation ("Enerplus") (collectively, the "Chief Intervenors") move to dismiss the above action filed by Charles Rice Kendall ("Mr. Kendall") and Anne P. Hochberg ("Ms. Hochberg"), as trustees of the Thomas E. Proctor Heirs Trust (the "PHT"); and Bank of America N.A., and John J. Slocum, as trustees of the Margaret O.F. Proctor Trust ("MPT") (collectively the "Trustees").

1. On July 26, 2017, the Trustees filed their complaint in this matter (Doc. 1) against Lancaster Exploration & Development

Company, LLC ("Lancaster") and served it on Lancaster on July 29, 2017.

2. The complaint contains one count styled as a quiet title action.

3. The complaint alleges, among other things, that the PHT and its predecessor in interest executed separate but identical oil and gas leases with Lancaster on June 17, 2002, and July 23, 2002, respectively (together, the "Lease"). (The MPT claims interests in the oil and gas estate covered by the Lease as well.)

4. As relief, among other things, the complaint alleges that the Lease is invalid based on the provisions of the so-called Guaranteed Minimum Royalty Act, Act of July 20, 1979, P.L. 183, § 1.3, as repealed and reenacted by Act of July 9, 2013, P.L. 473, §§ 1-2, 58 P.S. § 33.3 (the "GMRA").

5. By virtue of various assignments from Lancaster of which the plaintiffs here are aware, the Chief Intervenors now own a substantial portion of the Lease and have been operating the leased premises, including the development at their sole expense of various producing natural gas wells.

6. In a proceeding pending before the Lycoming County Court of Common Pleas filed December 9, 2011, the PHT and MPT brought an action for declaratory relief and/or quiet title virtually identical to the

action here, claiming (as here) that the Lease violated the GMRA and is therefore invalid.

7. On August 16, 2016, the state court dismissed that claim on statute-of-limitations and jurisdictional grounds because the plaintiffs in that proceeding did not join necessary and indispensable parties (including the Chief Intervenors).

8. The state court concluded that it lacked jurisdiction because it could not join necessary and indispensable parties (including the Chief Intervenors) because the statute of limitations on the claim as to those parties had expired. (There is a separate claim regarding the Lease that remains pending before the state court.)

9. The complaint in this case does not name any of the Chief Intervenors as defendants even though they were deemed necessary and indispensable parties in virtually identical litigation in state court involving the same claims that the Lease violated the GMRA.

10. Given their interests in the Lease that the plaintiffs seek to invalidate, the Chief Intervenors filed a motion to intervene or be joined and requested that the Court permit them to intervene as of right or by permission or join them as necessary and indispensable parties to this litigation. The plaintiffs did not oppose the motion to intervene and the Court entered an order granting intervention along with a stipulated briefing schedule for motions to dismiss. (Doc. 17.)

11. The Chief Intervenors move to dismiss the complaint because the Court lacks subject-matter jurisdiction and/or should abstain from deciding this case under various abstention doctrines given the state court's determination regarding the validity of the Lease under the GMRA and the pending matters before the state court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491 (1942); *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976).

12. The complaint fails to state a claim for which the Court may grant relief because, on its face, the complaint is time-barred. *See* 42 Pa. C.S. §§ 5525(a)(8) and 5527(b) (actions involving contracts (such as the Lease) for which a four-year limitations period applies or the "catchall" six-year limitations period applicable to all matters for which there may be no specific limitations period).

13. The complaint fails to state a claim for which the Court may grant relief because the Court should give full faith and credit and *res judicata* or collateral estoppel effect to the state court's determination that the statute of limitations bars any attempt by the plaintiffs to re-litigate the claim they raise again in their complaint in this Court that the Lease violates the GMRA and is therefore invalid. *Kremer v. Chem. Const. Corp.*, 456 U.S. 461(1982) (federal courts give full faith and

credit to state court judgments under state rules of *res judicata*/issue preclusion).

14. The complaint fails to state a claim for which the Court may grant relief because the Superior Court's decision on which the plaintiffs rely (*Southwestern Energy Production Co. v. Forest Resources, LLC*, 83 A.3d 177 (Pa. Super. 2013)) was rendered without jurisdiction (for lack of all indispensable parties, a jurisdictional defect under state law) and therefore is a legal nullity. *In re Patterson's Estate*, 19 A.2d 165, 166 (Pa. 1941).

15. The complaint fails to state a claim for which the Court may grant relief based on *Southwestern Energy* because the Chief Intervenors were not parties to that proceeding before the Superior Court issued its decision such that it could ever be binding on the Chief Intervenors or be given full faith and credit even if it had been rendered with proper jurisdiction. *Hebden v. W.C.A.B. (Bethenergy Mines, Inc.)*, 632 A.2d 1302, 1304 (Pa. 1993) (*res judicata* requires same parties to both actions, lacking here, and "valid" final judgment, also lacking here with respect to the Superior Court's decision); *Taylor v. Extendicare Health Facilities, Inc.*, 147 A.3d 490 (Pa. 2016) (collateral estoppel does not apply when the party against whom the doctrine is asserted was not a party to, or was not in privity with a party to, the prior case).[1]

---

[1] Although the Chief Intervenors recognize that defenses such as the statute of limitations or *res judicata*/collateral estoppel are

WHEREFORE, the Chief Intervenors respectfully request that the Court grant this motion, dismiss the complaint with prejudice or abstain, and order such other relief as the Court deems necessary or appropriate. The Chief Intervenors will file a supporting brief with additional points of law and authorities within the time permitted by the Court's order (Doc. 17) establishing a briefing schedule for motions to dismiss. A proposed form of order for this motion is attached.

Respectfully submitted,

**COZEN O'CONNOR**

Date: August 22, 2017

/s George A. Bibikos
George A. Bibikos (PA 91249)
17 N. Second St., Suite 1410
Harrisburg, PA 17101
(717) 703-5907 (t)
(215) 701-2256 (f)
gbibikos@cozen.com

*Counsel to Chief Oil and Gas, LLC; Chief Exploration and Development, LLC; Radler 2000 L.P.; Tug Hill Marcellus, LLC; and Enerplus Resources (USA) Corporation*

---

ordinarily raised at the answer stage, the Court may elect to rule on these issues at the 12(b) stage when "the affirmative defense clearly appears on the face of the pleading." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994).

## CERTIFICATE OF NON-CONCURRENCE

I hereby certify that I contacted counsel for the Plaintiffs regarding this motion and counsel did not concur.

/s George A. Bibikos
George A. Bibikos

## CERTIFICATE OF SERVICE

I certify that, on August 22, 2017, I electronically filed the foregoing document such that it will be served on counsel automatically.

/s George A. Bibikos
George A. Bibikos