IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

*VIA ELECTRONIC FILING*

| | |
|---|---|
| *Charles Rice Kendall and Ann P. Hochberg, as Trustees for the Thomas E. Proctor Heirs Trust and Bank of America, N.A., John J. Slocum, Jr. as Trustees for the Margaret O.F. Proctor Trust,* | |
| *Plaintiffs,* | |
| *v.* | NO. 4:17-CV-01117 (Judge Matthew W. Brann) |
| *Lancaster Exploration & Development Company, LLC,* | |
| *Defendant,* | |
| *Chief Oil & Gas, LLC, Chief Exploration and Development, LLC, Enerplus Resources(USA) Corporation, Radler 2000 LP, Tug Hill Marcellus, LLC, SWN Production Company, LLC,* | |
| *Intervenor Defendants* | |

**COUNTERSTATEMENT OF DISPUTED MATERIAL FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT**

Pursuant to Local Rule 56.1, Defendant Lancaster Exploration and

Development Company, LLC's, Intervenor Defendants, Chief Oil & Gas, LLC;

Radler 2000 L.P.; Tug Hill Marcellus, LLC; Enerplus Resources (USA) Corp.,

And Intervenor Defendant, SWN Production Company, LLC respond in opposition

to Plaintiffs' Statement of Undisputed Material Facts (Statement).

1.    Admitted.

2.    Admitted.[1]

3.    Disputed as stated.  It is disputed that the PHT 2002 Letter Agreement

and Lease may be collectively referred to as the PHT Original Lease.  The Lease is

a separate transaction from the 2002 Letter Agreement.

4.    Admitted.

5.    Disputed as stated.  The PHT 2005 Letter Agreement amended only

the 2002 Letter Agreement, as evidenced by the term "agreement."  *See also*

Statement at ¶ 15 (discussing the TEP Letter Agreements and Leases, which had

the same terms as the PHT Letter Agreements and Leases, and clearly evidencing

that the 2005 TEP Letter Agreement only amended the 2002 TEP Letter

Agreement).

6.    Disputed as stated.  The PHT 2005 Letter Agreement speaks for itself

and states:  "Lessor agrees to execute a certain Extension of Oil and Gas Lease

---

[1] While not at issue in this case, to the extent the Trusts imply that MPT did not convey its oil and gas rights to PHT or that MPT's oil and gas rights are not subject to the PHT 2002 Lease, 2002 PHT Letter Agreement, 2005 PHT Lease Extension, or 2005 PHT Letter Agreement, the Defendant and Intervenors dispute such implication.  This issue is presently before the Lycoming County Court of Common Pleas.

attached hereto as Exhibit C to extend the primary term of the oil and gas lease from five years to ten years." Statement Ex. D ¶ 1.

7.    Disputed as stated. The 2002 PHT Lease "provides for" the 12.5% royalty. The PHT 2005 Letter Agreement speaks for itself and states:

> Royalty Consideration – Oil and Gas. The Proctor Pennsylvania Property's Lease, as amended by the First Amendment, provides for the industry standard twelve and one-half (12.5%) percent royalty. A "royalty interest" is the economic interest reserved by the mineral estate owner and is typically free of the cost of exploration and development of oil and gas wells. Lessor shall retain fifty percent (50%) of such royalty of Lessor's interest in the Proctor Pennsylvania Property and Lancaster shall be assigned the remaining fifty percent (50%), and,

8.    Disputed. Paragraph 3(d) of the PHT 2005 Letter Agreement expressly states that it is an example and for illustrative purposes only and is not to be construed as any type of representation.

9.    Admitted.

10.    Disputed as stated. It is disputed that the Letter Agreements and Leases may be collectively referred to as the PHT Lease. The Lease and Lease Extension are separate transactions from the 2002 and 2005 Letter Agreements.

11.    Admitted.

12.    Admitted.

13.    Admitted.

14.    Admitted.

15.     Disputed as stated. It is disputed that the Letter Agreements and Leases may be collectively referred to as the TEP Jr. Lease.  The Lease and Lease Extension are separate transactions from the 2002 and 2005 Letter Agreements. By way of further answer, it is admitted that the TEP Jr. 2005 Letter Agreement only modified the TEP Jr. 2002 Letter Agreement, not the TEP Jr. 2002 Lease.

16.     Disputed as stated.  The TEP Jr. 2005 Letter Agreement speaks for itself and states:  "Lessor agrees to execute a certain Extension of Oil and Gas Lease attached hereto as Exhibit C to extend the primary term of the oil and gas lease from five years to ten years."  Statement Ex. J ¶ 1.

17.     Disputed as stated.  The 2002 TEP Jr. Lease "provides for" the 12.5% royalty.  The TEP Jr. 2005 Letter Agreement speaks for itself and states:

> Royalty Consideration – Oil and Gas.  The Proctor Pennsylvania Property's Lease, as amended by the First Amendment, provides for the industry standard twelve and one-half (12.5%) percent royalty.  A "royalty interest" is the economic interest reserved by the mineral estate owner and is typically free of the cost of exploration and development of oil and gas wells.  Lessor shall retain fifty percent (50%) of such royalty of Lessor's interest in the Proctor Pennsylvania Property and Lancaster shall be assigned the remaining fifty percent (50%), and,

18.     Disputed.  Paragraph 2(d) of the PHT 2005 Letter Agreement expressly states that it is an example and for illustrative purposes only and is not to be construed as any type of representation.

4

19.    Disputed.  They royalty provisions of the Leases were never modified. Moreover, it is disputed that the separate documents consisting of separate transactions can collectively be referred to as a Lease.  *See supra* ¶¶ 10, 15.

20.    Admitted.

21.    Admitted.

22.    Admitted.

23.    Admitted.

24.    Admitted.

25.    Admitted.

26.    Disputed.  While the Superior Court reversed and remanded the trial court's decision, it did not and could not "hold" anything violated the GMRA and was invalid because: (1) the Superior Court only had before it the question on interlocutory review of whether the trial court's dismissal of the case was proper, not the ultimate issue of whether the Trusts' GMRA claims would prevail; (2) the Superior Court did not have before it any facts because of the procedural posture of the case and could not make its own factual findings; and (3) the Superior Court did not have jurisdiction to make any decision because the Trusts had failed to join Chief and other indispensable parties.  Chief and the multiple other indispensable parties were not parties to the appeal.

27.    Admitted.  By way of further answer the Pennsylvania Supreme Court hears a very limited number of appeals each year and the fact that the court chooses not to hear an appeal does not imply that the court has affirmed or would affirm the decision below.

28.    Admitted.

29.    Admitted.

30.    Admitted.

31.    Admitted.

32.    Admitted.

33.    Admitted.

**ADDITIONAL MATERIAL FACTS**

34.    Lawrence M. Elkus is the manager of Rockhall Management Company, LLC, a Michigan limited liability company, that is the manager of Lancaster Exploration and Development Company, LLC, a Michigan limited liability company ("Lancaster").  The affidavit of Mr. Elkus is submitted in support of this document.

35.    Mr. Elkus and Mr. Bradford Jenkins negotiated the 2002 Lease, 2002 Letter Agreement, 2005 Letter Agreement and 2005 Lease Extension on behalf of Lancaster.

36.     On behalf of PHT, Trustee Alvin Hochberg, a Harvard Law School graduate and Trustee C.G. Rice, who had substantial experience in oil and gas Transactions, negotiated the Contracts with lawyers from Mr. Hochberg's law firm, Broude and Hochberg, L.L.P. Both of these Trustees had previously negotiated a 1980 and gas lease with Exxon.

37.     The parties to the Contracts understood at the time of negotiation of the Contracts that Lancaster was newly created for the purpose of entering into the Contracts and not capable of and never intended to drill or produce natural gas or oil.

38.     Instead, the parties to the Contracts understood that Lancaster would market the Lease to natural gas or oil exploration and production companies.

39.     The parties to the Contracts intended to enter into two separate transactions. The first transaction was the 2002 Lease, which transferred the Trusts' property interest to Lancaster and reserves to the Trusts a 1/8 royalty, and the 2005 Lease Extension, which extended the term of the Lease five years. The second transaction was the 2002 Letter Agreement and the 2005 Letter Agreement, which imposed a duty on Lancaster to market the Lease to natural gas or oil drilling and production companies. As consideration for Lancaster's ongoing marketing agreements, the 2005 Letter Agreement compensated Lancaster, in part,

7

via an assignment of Y2 of the royalty. *See* Exhibit A to Elkus Affidavit (March 28, 2006, letter of recommendation from the Trustees).

40.    As anticipated under the Letter Agreements, Lancaster assigned portions of certain property rights under the Leases to oil and gas exploration companies including Southwestern Energy and Production Company ("SWN"), Chief Oil & Gas, LLC ("Chief") and eCORP Resources Partner I, LP ("eCorp"); eCorp subsequently assigned its interest to MKR Holdings L.L.C ("MKR"), formerly an affiliate of Chesapeake Energy and now a subsidiary of Chief. *See* Exhibit B to Elkus Affidavit (Chief and SWN Assignments).

Respectfully submitted,

**Hawke, McKeon & Sniscak LLP**

**COZEN O'CONNOR**

*/s/ Kevin J. McKeon*
Kevin J. McKeon, PA 30428
Whitney E. Snyder PA 316625
Hawke, McKeon & Sniscak, LLP
100 N. 10th Street
Harrisburg, PA 17101
kjmckeon@hmslegal.com
wesnyder@hmslegal.com
Telephone: 717-236-1300
Fax: 717-236-4841

*Counsel for defendant Lancaster
Exploration & Development Company,
LLC*

*/s/ George A. Bibikos*
George A. Bibikos (PA 91249)
17 N. Second St., Suite 1410
Harrisburg, PA 17101
(717) 703-5907 (t)
(215) 701-2256 (f)
gbibikos@cozen.com

*Counsel to Chief Oil and Gas, LLC;
Chief Exploration and Development,
LLC; Radler 2000 L.P.; Tug Hill
Marcellus, LLC; and Enerplus Resources
(USA) Corporation*

**Chariton, Schwager & Malak**

*/s/ Jeffrey J. Malak*
Jeffrey J. Malak (PA 86071)
138 South Main Street
Wilkes-Barre, PA 18701
jjm@csmlawoffices.com
Tel.(570) 824-3511
Fax (570) 824-3580

*Attorneys for Intervenor Defendant,
SWN Production Company, LLC*

Dated:  January 19, 2018

## CERTIFICATE OF SERVICE

I hereby certify that, on January 19, 2018, I electronically filed the foregoing document with the Clerk of the Court for the United States Court District Court for the Middle District of Pennsylvania by using the ECF system.  Pursuant to LR 5.7, participants in the case who are registered ECF users will be served by the ECF system.

> */s/ Whitney E. Snyder*
> Whitney E. Snyder, PA316625
> Hawke, McKeon & Sniscak, LLP
> 100 N. 10th Street
> Harrisburg, PA 17101
> wesnyder@hmslegal.com
> Telephone: 717-236-1300