IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES RICE KENDALL and | : | |
| ANN P. HOCKBERG, a Trustee for | : | |
| The Thomas E. Proctor Heirs Trust, | : | |
| and BANK OF AMERICA, N.A., and | : | CIVIL NO: 4:17-CV-01117 |
| JOHN J. SLOCUM, JR., as Trustees for | : | |
| The Margaret O.F. Proctor Trust, | : | |
| | : | |
| Plaintiffs, | : | JURY TRIAL DEMANDED |
| | : | |
| vs. | : | |
| | : | (JUDGE MATTHEW W. BRANN) |
| LANCASTER EXPLORATION & | : | |
| DEVELOPMENT COMPANY, LLC, | : | |
| | : | |
| Defendant | : | |

## BRIEF IN SUPPORT OF SWN PRODUCTION COMPANY, LLC'S MOTION TO RECONSIDER THE MAY 23, 2018 ORDER AND MEMORANDUM OPINION

SWN Production Company, LLC ("SWN Production"), by and through its undersigned counsel. Jeffrey J. Malak, Esquire, of Chariton, Schwager & Malak, files this Brief in Support ("Brief") of SWN Production's Motion ("Motion") to Reconsider the May 23, 2018, Order and Memorandum Opinion [Doc.50 and Doc. 51] (collectively "Opinion") entered in this action ("Action") commenced by Plaintiffs, Charles Rice Kendall and Anne P. Hochberg, as Trustees for the Thomas E. Proctor Heirs Trust ("PHT") and Bank of America, N.A., and John J. Slocum, as Trustees of the Margaret O.F. Proctor Trust ("MPT") (collectively "Plaintiffs") against Lancaster Exploration & Development Company, LLC ("Lancaster").

## <u>TABLE OF CONTENTS</u>

I. INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II. STATEMENT OF FACTS AND PROCEDURAL HISTORY. . . . . . . . . . . . . 8

III. STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

IV. STATEMENT OF QUESTIONS INVOLVED. . . . . . . . . . . . . . . . . . . . . . . . 11

V. ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
     A. THIS COURT SHOULD CONSIDER AND ADDRESS THE FACT
         THAT THE LETTER AGREEMENTS WERE NEVER RECORDED
         IN THE RECORDER OF DEEDS OFFICE. . . . . . . . . . . . . . . . . . . 13
     B. THIS COURT SHOULD CONSIDER AND ADDRESS THE EFFECT
         OF THE UNRECORDED LETTER AGREEMENTS ON SWN
         PRODUCTION IF SWN PRODUCTION IS DETERMINED TO BE
         AN INNOCENT  BONA FIDE PURCHASER FOR VALUE. . . . . 19
     C. THIS COURT SHOULD CONSIDER AND ADDRESS WHETHER AN
         ASSIGNMENT ACTUALLY  WAS EXECUTED AS REQUIRED
         UNDER THE LETTER AGREEMENTS WHICH WOULD HAVE
         CAUSED PLAINTIFFS TO ASSIGN 1/2 OF THEIR 1/8TH
         ROYALTY TO LANCASTER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
     D. THIS COURT SHOULD CONSIDER AND ADDRESS THE
         SIGNIFICANCE OF PARAGRAPH 13 OF THE PHT LEASE
         WHEN INTERPRETING THE LEASE AGREEMENT AS A
         WHOLE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
     E. THIS COURT SHOULD CONSIDER AND ADDRESS LIMITING THE
         EFFECT OF THE OPINION AS TO LANCASTER ONLY
         BECAUSE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
         WAS ONLY DIRECTED TO LANCASTER. . . . . . . . . . . . . . . . . 25

VI. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8(b). . . . . . . . . . 28

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Ahern v. Standard Realty Co.*, 267 Pa. 404, 110 A. 141 (1920). . . . . . . . . . . . . . 14

*Barb-Lee Mobile Frame Co., v. Hoot*, 416 Pa. 222, 206 A.2d 59 (Pa. 1965). . . . 22

*Bell Fuel Corp v. Cattolico*, 375 Pa. Super. 238, 544 A.2d 450 (1988). . . . . . . 22

*Duquesne Natural Gas Co., v. Fefolt*, 203 Pa. Super. 102, 198 A.2d 608 (1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Durst v. Durst*, 663 Fed.Appx. 231 (2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Forbes v. Forbes*, 159 Pa. Super. 243, 48 A.2d 153 (1946). . . . . . . . . . . . . . . . 23

*Great American Ins. Co. v. Honeywell Intern., Inc*., 2009 WL 5064478 (W.D. Pa. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Great American Ins. Co., v. Norwin School Dist.*, 544 F.3d 229 (3d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Huber v. Huber*, 323 Pa. Super. 530, 470 A.2d 1385 (1984). . . . . . . . . . . . . . . 23

*In re Correction of Official Records with Civil Action, Appeal of Energy Explorations*, 44 Pa.Cmwlth. 511, 404 A.2d 741 (1979) . . . . . . . . . . . . . . . . . . 18

*Ingomar Ltd. Partnership v. Current*, 2008 WL 660099 (M.D. Pa. 2008). . . . . 19

*Lesnick v. Chartiers Natural Gas Co.*, 2005 Pa. Super. 436, 889 A.2d 1282 (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 17

*Long John Silver's Inc. v. Fiore*, 255 Pa. Super. 183, 386 A.2d 569 (1978). . . . 19

*Max's Seafood Café, ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669 (3d Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Murphy v. Duquesne University of the Holy Ghost.*, 565 Pa. 571, 777 A.2d 418

(Pa. 2001).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Nolt v. TS Calkins & Associates, LP*, 2014 Pa. Super. 141, 96 A.3d 1042 (2014)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Pen-O-Tex Oil & Leasehold Co. v. Big Four Oil & Gas Co.*, 23 F.2d 154 (3d Cir. 1927). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Pritchard v. Wick*, 406 Pa. 598, 178 A.2d 725 (Pa. 1962). . . . . . . . . . . . . . . . . . 22

*Puharic v. Novy*, 317 A. 199, 176 A. 233 (1934).. . . . . . . . . . . . . . . . . . . . . . . . 19

*Rau v. Wilkes-Barre and E.R. Co.*, 311 Pa. 510, 167 A. 230 (Pa. 1933). . . . . . . 22

*Roberts v. Estate of Pursley*, 718 A.2d 837 (Pa. Super. 1998). . . . . . . . . . . . . . 19

*Shrader v. CSX Transp., Inc.,* 70 F.3d 255 (2d Cir. 1995). . . . . . . . . . . . . . . . . 10

*Spinetti v. Service Corp Intern.*, 324 F.3d 212 (3d Cir. 2003) . . . . . . . . . . . . . . 23

*Thompson v. Christie*, 138 Pa. 230, 20 A. 934 (1890). . . . . . . . . . . . . . . . . . . . . 17

## Statutes

21 P.S. §356.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

21 P.S. §357 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

21 P.S. §444.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

21 P.S.§351. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14, 18

58 P.S. §33.3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# I. INTRODUCTION

Plaintiffs have challenged the validity of an oil and gas lease dated June 17, 2002 ("PHT Lease[1]") which leased the oil, gas, and mineral rights ("Subsurface Rights") in and under the Subject Property defined in the Complaint [Doc. 1] to Lancaster. In response to the Complaint, SWN Production filed a Motion to Dismiss [Doc.18] which was denied in the Opinion. In addition to denying SWN Production's Motion to Dismiss, this Court granted Plaintiffs' Motion for Summary Judgment filed against Lancaster. In its Opinion, this Court held that the Lease Agreement was invalid based upon the Pennsylvania Guaranteed Minimum Royalty Act, 58 P.S. §33.3, et seq. ("GMRA"). However, prior to entry of the Opinion, SWN Production had not yet filed an Answer with affirmative defenses for this Court's consideration. As a result, in the Opinion, this Court did not have the opportunity to consider that the Letter Agreements were never recorded in the Recorder of Deeds Office in and for Lycoming County, Pennsylvania ("Recorder's

---

[1]On February 17, 2005, and June 22, 2005, the PHT and Lancaster executed a Letter Agreement ("2005 Letter Agreement") and an extension of oil and gas lease ("2005 Extension") which extended the term of the PHT Lease for ten years. The 2005 Letter Agreement was further amended by a second letter agreement on August 5, 2005 (collectively "Letter Agreements"). Together, Plaintiffs have averred, and this Court has determined, that the PHT Lease forged in 2002, as modified by the Letter Agreements and 2005 Extension constitute the whole agreement by and between the parties ("Lease Agreement").

Office"); that SWN Production was an innocent *bona fide* purchaser for value of

the Lease Agreement; that SWN Production did not have knowledge of the Letter

Agreements which allegedly modified the royalty to be paid to the PHT to less

than 1/8th which is statutorily required under the GMRA before it gave value for

assignment of the Lease Agreement; whether an assignment actually was executed

as required under the Letter Agreements which resulted in Plaintiffs actually

assigning1/2 of their 1/8th royalty interest in the Lease Agreement to Lancaster; in

addition, this Court, in interpreting the Lease Agreement as a whole, did not

address or consider Paragraph 13 of the PHT Lease which explicitly nullifies any

invalid portion of the Lease Agreement so as  automatically to reform the Lease

Agreement to be in compliance with all applicable laws and statutes, including the

GMRA; lastly, because Plaintiffs' Motion for Summary Judgment only was

directed at Lancaster, and not at SWN Production or Chief Exploration &

Development, LLC, Radler 2000, LP, Tug Hill Marcellus, LLC (as successor to

MKR Holdings, LLC), and Enerplus Resources (USA) Corporation (collectively

"Chief"), the Opinion fails to state explicitly the impact, if any, that the Opinion

has on the current lessees of the Lease Agreement (of which SWN Production is

one which, in its Answer to the Complaint, avers that it acquired its interest as an

innocent *bona fide* purchaser for value). Based upon these issues of fact and

relevant legal authority, and in an effort to avoid manifest injustice from

occurring, not only in this Action as to SWN Production, but in future actions as

well, when an innocent *bona fide* purchasers for value, without knowledge of

unrecorded agreements, acquires an interest in Subsurface Rights or real property,

reconsideration of the Opinion by this Court is warranted and the Motion should

be granted.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY[2]

This Action was commenced by Plaintiffs against Lancaster by Complaint

filed on June 23, 2017. In the Complaint, Plaintiffs complain of Lancaster's action,

including filing on August 4, 2016, a Declaration of Claim of Interest

("Declaration") in the Recorder's Office in and for Sullivan County, Pennsylvania.

Plaintiffs allege that Lancaster has since filed similar Declarations against the

Subject Property in other neighboring counties and that these filings have created a

cloud on Plaintiffs' title to the Subject Property. In response to the Complaint,

Lancaster filed a Motion to Dismiss [Doc.10] based on a lack of jurisdiction and

for failure to state a claim upon which relief can be granted. On August 15, 2017,

this Court approved a Stipulation of the parties allowing for the intervention of

SWN Production and Chief in this Action. SWN Production and Chief filed their

respective Motions to Dismiss [Doc. 19] on the basis of lack of jurisdiction, failure

to state a claim and additional grounds of issue and claim preclusion. While the

Motions to Dismiss were pending, Plaintiffs filed a Motion for Summary Judgment

against Lancaster only arguing that the Lease Agreement is invalid under the

GMRA and that the impermissible cloud should therefore be removed form title to

---

[2]This Statement of Facts and Procedural History does not involve the
procedural history of the related State litigation pending in the Court of Common
Pleas of Lycoming County, Pennsylvania, filed to No. 11-02308 ("State Action").

the Subject Property. This Court on May 23, 2018, entered the Opinion, denied the

Motions to Dismiss filed by Lancaster, Chief and SWN Production and granted

Plaintiffs' Motion for Summary Judgment against Lancaster. SWN Production's

Motion for Reconsideration relating to the Opinion has been filed

contemporaneously with this Brief.

## III. STANDARD OF REVIEW

A motion for reconsideration must be based upon one of the following three grounds: 1) an intervening change in controlling law; 2) new evidence not previously available; or 3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café, ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669 (3d Cir. 1999). With respect to the third ground for reconsideration, it has been held that reconsideration will generally be denied unless the moving party can point to a controlling decision or data that the Court overlooked, in other words, information that might reasonably be expected to alter the conclusion reached by the Court. *Shrader v. CSX Transp., Inc.,* 70 F.3d 255 (2d Cir. 1995). Accordingly, Courts have granted reconsideration so as to revisit and correct errors of law or fact or to prevent manifest injustice.

## IV. STATEMENT OF QUESTIONS INVOLVED

1.  Whether this Court should consider and address in the Opinion the fact that the Letter Agreements were never recorded in the Recorder of Deeds Office?

    Suggested Answer: Yes.

2.  Whether this Court should consider and address in the Opinion the effect of the unrecorded Letter Agreements on SWN Production if SWN Production is determined to be an innocent *bona fide* purchaser for value?

    Suggested Answer: Yes.

3.  Whether this Court should consider and address in the Opinion whether an assignment actually was executed as required under the Letter Agreements which would have caused Plaintiffs to assign 1/2 of their 1/8th royalty to Lancaster?

    Suggested Answer: Yes.

4.  Whether this Court should consider and address in the Opinion the significance of Paragraph 13 of the PHT Lease when interpreting the Lease Agreement?

    Suggested Answer: Yes.

5.      Whether this Court should consider and address in the Opinion

        limiting the effect of the Opinion as to Lancaster only because

        Plaintiffs' Motion for Summary Judgment was only directed to

        Lancaster?

        Suggested Answer. Yes.

# V. ARGUMENT

## A. THIS COURT SHOULD CONSIDER AND ADDRESS THE FACT THAT THE LETTER AGREEMENTS WERE NEVER RECORDED IN THE RECORDER OF DEEDS OFFICE

In the Opinion, this Court did not consider the critical fact that the Letter Agreements never were recorded in the Recorder's Office or in any other Recorder of Deeds Office in Pennsylvania. (See Doc. 31, Exhibits "C" and "D", confirming that the Letter Agreements show no time-stamp or recording marks from any Recorder's Office or any acknowledgment of the parties). Under Pennsylvania law, all instruments of writing that are intended to grant, bargain, sell, or convey any lands in Pennsylvania *shall* be recorded in the office for the recording of deeds upon being acknowledged by the parties executing the same. 21 P.S.§351 Accordingly, all instruments purporting to convey rights and privileges in real property within Pennsylvania shall be acknowledged and recorded in the County Recorder of Deeds Office. 21 P.S. §356. In *Lesnick v. Chartiers Natural Gas Co.*, 2005 Pa. Super. 436, 889 A.2d 1282 (2005), the Pennsylvania Superior Court found that oil and gas leases are in fact transfers of realty and should be recorded. In *Lesnick*, specifically, the Pennsylvania Superior Court stated that, when a portion of an oil and gas lease (which provided that a property owner's right to free natural gas in return for drilling would terminate if the owner sold the property),

was required to be recorded in order to bind subsequent owners. Because it was not recorded, the utility company was required to provide free gas to the new property owners. Since the oil and gas rights part of the land, they had to be recorded to be effective. See 21 P.S. §351. Similarly, the assignee of a lease is not bound by stipulations which appear in a contract made by another, but only is bound by the liabilities rising from the privity of an estate. *Ahern v. Standard Realty Co.*, 267 Pa. 404, 110 A. 141 (1920).

In this Action, the Letter Agreements were never acknowledged nor were they recorded in the Recorder's Office or in any other Recorder's Office in Pennsylvania and are still not recorded in the Recorder's Office or in any other Recorder's Office in Pennsylvania. The deposition of Mr. Lawrence Elkus, of Lancaster[3], confirms that Plaintiffs and Lancaster never recorded the Letter Agreements in the Recorder's Office or in any Recorder's Office in Pennsylvania:

"Q.   That is the February 17, 2005 marketing agreement,

_____

[3]The deposition of Mr. Lawrence Elkus was taken on January 25, 2018 and January 26, 2018. The submissions by Lancaster in response to Plaintiffs' Motion for Summary Judgment was filed on January 19, 2018. Therefore, this deposition testimony was not part of the record and may be considered newly discovered evidence. The deposition testimony of Mr. Lawrence Elkus was not available to SWN Production at the time the Brief in Opposition was filed by Lancaster in response to Plaintiffs' Summary Judgment Motion and, therefore, is new evidence for purposes of a motion for reconsideration. *Durst v. Durst*, 663 Fed.Appx. 231 (2016).

14

or letter agreement, as its been referred to, is that correct?

A.     Correct.

Q.     My question is, did Lancaster record this letter agreement in the Lycoming County Recorder of Deeds Office?

A.     No.

Q.     Do you know whether the PHT or MPT recorded this letter agreement in the Lycoming County Recorder of Deeds Office?

A.     I'm not aware of that, if it happened.

Q.     Do you know whether today, in 2018, whether this letter agreement is recorded in the Lycoming County Recorder of Deeds officer?

A.     To the best of my knowledge, no.

Q.     Now, Exhibit 16 was with regard to, as what I will say if the PHT. I believe that this letter agreement is with regard to the TEP property, is that correct?

A.     TEP or TPT, yes.

Q.     And that is also a letter agreement or marketing agreement dated August 2, 2005, is that correct?

A.     Yes.

Q.     And did Lancaster record this letter agreement or marketing agreement in the Lycoming County Recorder of Deeds office?

A.     No.

Q.     Do you know whether the PHT or MPT recorded this in the Lycoming County Recorder of Deeds office?

A.     Not to my knowledge.

Q.     Do you know whether, today, in 2018, whether this document was recorded in the Lycoming County Recorder of Deeds office?

A.     Not to my knowledge."

A copy of Pages 326, 327 and 328 of Mr. Lawrence Elkus' deposition testimony is

attached to this Brief as **Exhibit "1"** and is incorporated by reference.

SWN Production is an innocent *bona fide* purchase for value when it gave consideration to Lancaster for assignment of the Lease Agreement because SWN Production had no knowledge of the Letter Agreements despite inquiry as to filings in the public records and numerous discussions with Lancaster. In the deposition of Mr. Lawrence Elkus, of Lancaster, he confirmed that SWN Production was not advised of the Letter Agreements when he confirmed the following:

> "A.   Yes. Just wanted to make sure the record was clean. Lancaster did not inform Southwestern of the letter agreement that you described."

A copy of Page 20 of Mr. Lawrence Elkus' deposition testimony is attached to this Brief as **Exhibit "2"** and is incorporated by reference.

The alleged royalty assignment back of 1/2 of the 1/8th royalty is contained only in the unrecorded Letter Agreements and not in the recorded PHT Lease or 2005 Extension. To be effective and binding on SWN Production, the Letter Agreements were required to be acknowledged and recorded. The Letter Agreements were not acknowledged or recorded. The PHT Lease and the 2005 Extension which provide for a 1/8th royalty are the only documents acknowledged and recorded related to the Lease Agreement and those documents expressly provide for a 1/8th royalty which meets the mandates of the GMRA.  How the

16

PHT may wish to divide its 1/8th royalty payment received from SWN Production should not affect SWN Production. Though this Court determined that the Lease Agreement, which includes the PHT Lease and the Letter Agreements, must be treated as one whole lease, the Opinion did not expressly limit the effect of invalidating the Lease Agreement to only Plaintiffs and Lancaster which, therefore, permits speculation that, even though neither Plaintiffs nor Lancaster recorded the Letter Agreements, SWN Production, as an innocent *bona fide* purchaser for value, will be prejudiced.  Applying ***Lesnick***, this Court should reconsider the Opinion and clarify that the Lease Agreement remains effective as to SWN Production, striking out the Letter Agreements of which SWN Production was unaware and further state that SWN Production shall pay the entire 1/8th royalty to Plaintiffs rather than a 50% payment of the 1/8th royalty to Lancaster and 50% of the 1/8th royalty to Plaintiffs. SWN Production has been holding the royalties from the Subject Property in suspense and has stated on numerous occasions that it is obligated to pay a 1/8th royalty to whom the Court should direct that payment be made.

To fail to consider and address the fact that the Letter Agreements never were recorded would be a manifest injustice. Oil and natural gas leases have been recorded in Pennsylvania since at least the 1890's. ***Thompson v. Christie***, 138 Pa.

230, 20 A. 934 (1890), **Duquesne Natural Gas Co., v. Fefolt**, 203 Pa. Super. 102,

198 A.2d 608 (1964) and **In re Correction of Official Records with Civil Action,**

**Appeal of Energy Explorations**, 44 Pa. Cmwlth. 511, 404 A.2d 741 (1979) further

confirm that Pennsylvania considers such gas leases to be, transfers of realty

which require acknowledgment and recording. In addition, 23 P.S. §351 requires

all transfers of real property, including oil and gas leases, to be recorded or they

shall be judged fraudulent and void as to any subsequent *bona fide* purchaser, such

as SWN Production.

Recently, Pennsylvania Courts again upheld the requirement of recording

oil and gas leases. In **Nolt v. TS Calkins & Associates, LP**, 2014 Pa. Super. 141,

96 A.3d 1042 (2014), the Pennsylvania Superior Court held that conveyances of

interests in property, including oil and gas leases, must be recorded in the County

in which the property is situated to give constructive notice to subsequent

purchasers, mortgagees and/or judgment creditors of the parties to the deeds,

conveyances, agreements and/or oil and gas leases. 21 P.S. §357 and 21 P.S. §444.

In this Action, Plaintiffs and Lancaster failed to record the Letter Agreements

which this Court determined to be part of the Lease Agreement. Such inaction has

caused harm and prejudice to SWN Production and should be considered by this

Court when it reconsiders the Opinion. Further, Plaintiffs are fully protected

18

against any inappropriate reduction in their GMRA required minimum royalty, if,

upon reconsideration, this Court explicitly limits the effect of any invalidation of

the Lease Agreement to invalidation of that portion of the PHT Lease which

causes Plaintiffs and Lancaster to share the 1/8 royalty set forth in the recorded

PHT Lease.

### B. THIS COURT SHOULD CONSIDER AND ADDRESS THE EFFECT OF THE UNRECORDED LETTER AGREEMENTS ON SWN PRODUCTION IF SWN PRODUCTION IS DETERMINED TO BE AN INNOCENT  BONA FIDE PURCHASER FOR VALUE

Pennsylvania law protects subsequent purchasers of real property from

prior, unrecorded interests if the subsequent purchaser took the property for value

and without notice of any defect in title. *Ingomar Ltd. Partnership v. Current*,

2008 WL 660099 (M.D. Pa. 2008); *Roberts v. Estate of Pursley*, 718 A.2d 837

(Pa. Super. 1998); *Long John Silver's Inc. v. Fiore*, 255 Pa. Super. 183, 386 A.2d

569 (1978). A *bona fide* purchaser is insulated from the claims or interest of third

parties and obtains title that is essentially purged of the fraud of his or her

predecessors in interest. *Puharic v. Novy*, 317 A.199, 176 A. 233 (1934). As the

Pennsylvania Supreme Court has stated, a purchaser of land who pays value for it

and had no knowledge, express or implied, of the existence of any equities in third

parties, hold the title so purchased, free and clear of secret liens or equities. *Id*.

In this Action, SWN Production contemporaneously has filed an Answer contending it is an innocent *bona fide* purchaser for value (similar to what SWN Production filed in the State Action) who had no knowledge of the secret unrecorded Letter Agreements despite diligently searching the Recorder's Office and negotiating and discussing directly with and making inquiry of Lancaster.

### C. THIS COURT SHOULD CONSIDER AND ADDRESS WHETHER AN ASSIGNMENT ACTUALLY  WAS EXECUTED AS REQUIRED UNDER THE LETTER AGREEMENTS WHICH WOULD HAVE CAUSED PLAINTIFFS TO ASSIGN 1/2 OF THEIR 1/8TH ROYALTY TO LANCASTER

This Court in the Opinion did not consider or address the significance of the fact that neither Plaintiffs nor Lancaster alleged that Plaintiffs actually executed an assignment that assigned 1/2 of its 1/8th royalty to Lancaster. Importantly, neither Plaintiffs nor Lancaster, attached a copy of any executed assignment which evidenced that Plaintiffs assigned 1/2 of its 1/8th royalty to Lancaster. Because the royalty sharing under the Letter Agreements only was to occur upon effective assignment, upon reconsideration, this Court should determine whether Plaintiffs still own a 1/8th royalty under the PHT Lease. The unrecorded Letter Agreements only contained a *promise* to assign 1/2 of its 1/8th royalty to Lancaster. However, a contract to assign, or a promise to make an assignment in the future, is not an assignment. **Restatement, Second, Contracts, 330(1)**. In other words, an

agreement to assign an oil and gas lease is *not* an assignment of a lease. ***Pen-O-Tex Oil & Leasehold Co. v. Big Four Oil & Gas Co.***, 23 F.2d 154 (3d Cir. 1927) (Emphasis supplied) It follows that an agreement to assign half of the benefits of an oil and gas lease also is not a completed assignment and that, even if Plaintiffs breached their agreement with Lancaster, Plaintiffs still own the entire 1/8 royalty required under the GMRA.  That is why, in the State Court Action, of which this Court is respectively requested to take judicial notice, Lancaster has sued Plaintiffs for breach of contract.

### *D. THIS COURT SHOULD CONSIDER AND ADDRESS THE SIGNIFICANCE OF PARAGRAPH 13 OF THE PHT LEASE WHEN INTERPRETING THE LEASE AGREEMENT AS A WHOLE*

Paragraph 13 of the PHT Lease is a savings clause which provides that any provision which is ineffective under Pennsylvania law shall be inoperative. It is well settled that a Court is required to construe the entire language of the contract and avoid a construction or interpretation that would render certain language to be surplusage or a nullity. ***Murphy v. Duquesne University of the Holy Ghost.***, 565 Pa. 571, 777 A.2d 418 (Pa. 2001). The fundamental rule in interpreting the meaning of a contract is to ascertain and give effect to the intent of the contracting parties. The intent of the parties to a written agreement is to be regarded as being embodied in the writing itself. The whole instrument must be taken together in

arriving at contractual intent. ***Pritchard v. Wick***, 406 Pa. 598, 178 A.2d 725 (Pa. 1962); see also ***Great American Ins. Co., v. Norwin School Dist.***, 544 F.3d 229 (3d Cir. 2008). In this Action, this Court concluded that the PHT Lease, the Letter Agreements and the 2005 Extension must be read together as a whole. Under Pennsylvania law, Courts should interpret contracts to make them valid, not invalid. ***Rau v. Wilkes-Barre and E.R. Co.***, 311 Pa. 510, 167 A. 230 (Pa. 1933).

Paragraph 13 provides in part that "all express provisions...of this lease shall be subject to all applicable laws." When the Lease Agreement is construed as one integrated agreement, the savings clause set forth in Paragraph 13 of the PHT Lease automatically reforms the PHT Lease so that it complies with the GMRA. As a result, if the royalty sharing provision in the Lease Agreement is void or otherwise unenforceable, and if Lancaster has performed its obligations under the Lease Agreement, Lancaster may have to result to a quantum meruit cause of action to obtain recompense for its services.

Courts have the power to modify the parties' contract rights under general equity powers of the court. ***Bell Fuel Corp v. Cattolico***, 375 Pa. Super. 238, 544 A.2d 450 (1988); ***Barb-Lee Mobile Frame Co., v. Hoot***, 416 Pa. 222, 206 A.2d 59 (Pa. 1965). Accordingly, this Court has the power to modify the Letter Agreements to conform to the GMRA so as to declare that he royalty due under

the Lease Agreement is the 1/8th royalty set forth specifically in the PHT Lease. In

***Great American Ins. Co. v. Honeywell Intern., Inc***., 2009 WL 5064478 (W.D. Pa.

2009), the Court exercised its equitable powers to reform a *letter agreement* to

allow a corporation to be paid for the work it performed when a subcontractor

defaulted. Particularly, because the PHT Lease attempts to protect the Lease

Agreement against invalidity if some provision is unlawful, this Court should

exercise its remedial equitable powers and reform the offending portions of the

unrecorded Letter Agreements.

Under Pennsylvania contractual law, a party may enforce legal provisions of

a contract containing an illegal provision provided that the primary purpose of the

contract or an essential part of the agreed exchange is not affected by disregarding

the illegal provision. ***Spinetti v. Service Corp Intern.***, 324 F.3d 212 (3d Cir. 2003)

(quoting ***Restatement (First) and (Second) of Contracts 603*** and ***184***; In ***Huber v.

Huber***, 323 Pa. Super. 530, 470 A.2d 1385 (1984), the Pennsylvania Superior

Court held that a child support provisions under a post-nuptial agreement was

enforceable although the other terms of the contract may have been illegal. Also,

in ***Forbes v. Forbes***, 159 Pa. Super. 243, 48 A.2d 153 (1946), the Pennsylvania

Superior Court upheld the validity of a contract when disregarding the illegal

provision would not defeat the primary purpose of the contract.

The undisputed record evidence in this Action demonstrates that the primary purpose of amending the Lease Agreement was to obtain contracts with drilling and exploration companies like SWN Production, so as to have wells drilled on the Subject Property. (See Letter Agreements attached to Doc. 31, Exhibits "C" and "D"). In exchange for efforts to accomplish this purpose, Plaintiffs and Lancaster agreed to modify payment as set forth in the unrecorded Letter Agreements. If the royalty assignment back provision in the Letter Agreements is invalid, the specific payment provision in the Letter Agreements can be nullified and the 1/8th royalty payment provision in the PHT Lease still will obligate SWN Production to pay the entire 1/8th royalty to Plaintiffs. Lancaster would be able to make a claim for work performed on behalf of Plaintiffs which resulted in exploration and drilling companies actually drilling wells on the Subject Property which was the primary purpose of Plaintiffs and Lancaster signing the Letter Agreements. Preservation of the Lease Agreement, except for the royalty sharing provision which the Court has determined violates the GMRA, would prevent fundamental unfairness from resulting to innocent third parties including SWN Production and Chief.

### E. THIS COURT SHOULD CONSIDER AND ADDRESS LIMITING THE EFFECT OF THE OPINION AS TO LANCASTER ONLY BECAUSE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT WAS ONLY

### *DIRECTED TO LANCASTER*

When Plaintiffs filed their Motion for Summary Judgment, Plaintiffs only

sought relief against Lancaster. Specifically, Plaintiffs' Motion for Summary

Judgment provides:

> "...move for Summary Judgment on the Proctor Trusts' quiet
> title claim against Lancaster Exploration & Development
> Company, LLC ("Lancaster")."

> "Wherefore, the Proctor Trusts respectfully request that this
> Court enter an Order granting their Motion for Summary
> Judgment against Lancaster."

Nowhere in the Motion for Summary Judgement do Plaintiffs seek summary

judgment against SWN Production. In fact, SWN Production is not mentioned in

the Motion for Summary Judgment. Moreover, the Opinion fails to state explicitly

the impact, if any, which the Opinion has on SWN Production. Declaring the

Lease Agreement invalid could have unintended negative consequences on SWN

Production which is an innocent *bona fide* purchaser for value of the Lease

Agreement from Lancaster. In addition, unless clarifying explicitly that, at least

until after the Court has had an opportunity to determine whether one or more of

SWN Production's affirmative defenses will prevail, SWN Production is not

affected by the Opinion, this Court would give validity to unrecorded secret

agreements which unnecessarily and improperly would bind an innocent third

party with no knowledge of unrecorded secret agreements. This would result in manifest injustice as SWN Production is in a different position and posture from Lancaster. Plaintiffs and Lancaster were the parties who are the original parties of the Lease Agreement and each intentionally did not record the Letter Agreements which were entered into in order to help induce Lancaster to find drillers for the areas covered by the PHT Lease. Lancaster successfully found SWN Production. An innocent party such as SWN Production which had no knowledge of the unrecorded Letter Agreements despite due diligence should not suffer because of both Plaintiffs' and Lancaster's secretive actions which violate the GMRA.

# VI. CONCLUSION

For the reasons set forth in this Brief and for the reasons set forth in the Motion, SWN Production's Motion should be granted and the proposed order attached to the Motion adopted.

Dated: June 6, 2018                        Respectfully submitted,

                                           By: Jeffrey J. Malak, Esquire
                                               PA Supreme Court No.  **86071**
                                               E-mail: jjm@csmlawoffices.com
                                               CHARITON, SCHWAGER & MALAK
                                               138 South Main St,. P.O. Box 910
                                               Wilkes-Barre, PA  18703-0910
                                               Telephone: 570-824-3511
                                               Attorneys for SWN Production Company, LLC

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8(b)</u>

I hereby certify that the foregoing  Brief in Support of Defendant, SWN

Production Company, LLC's Motion for Reconsideration contains 4,490 words in

the text of the Brief and complies with Middle District Local Rule 7.8(b)(2) by not

exceeding 5,000 words.


Dated: June 6, 2018                    CHARITON, SCHWAGER & MALAK

                                          By:  /s/ Jeffrey J. Malak
                                              Jeffrey J. Malak, Esquire
                                              PA Supreme Court No.   **86071**
                                              E-mail: jjm@csmlawoffices.com
                                              138 South Main St,. P.O. Box 910
                                              Wilkes-Barre, PA  18703-0910
                                              Telephone: 570-824-3511
                                              Attorneys for SWN Production Company, LLC

## <u>CERTIFICATE OF SERVICE</u>

This is certify that on June 6, 2018, a copy of the foregoing Brief in Support of Defendant, SWN Production Company, LLC's Motion for Reconsideration was served via the Court's ECF Filing System upon the following:

Paul K. Stockman, Esquire
Laura A. Lange, Esquire
McGuire Woods, LLP
625 Liberty Avenue, Suite 2300
Pittsburgh, PA 15222
*Attorneys for Plaintiffs, Charles Rice*
*Kendall and Anne P. Hochberg, as*
*Trustees for the Thomas E. Proctor Heirs*
*Trust and Bank of America, N.A., and John*
*J. Slocum, as Trustees of the Margaret*
*O.F. Proctor Trust*

Kevin J. McKeon, Esquire
Hawke, McKeon & Sniscak, LLP
100 North Tenth Street
Harrisburg, PA 17101
*Attorney for Lancaster Exploration &*
*Development, LLC*

George A. Bibikos, Esquire
Cozen O'Connor
17 N. Second Street, Suite 1410
Harrisburg, PA 17101
*Attorneys for Chief Oil and Gas, LLC,*
*Radler 2000, L.P., Tug Hill Marcellus,*
*LLC, and Enerplus Resources (USA)*
*Corporation*

CHARITON, SCHWAGER & MALAK

By: /s/ Jeffrey J. Malak
      Jeffrey J. Malak, Esquire
      PA Supreme Court No. **86071**
      E-mail: jjm@csmlawoffices.com
      138 South Main St,. P.O. Box 910
      Wilkes-Barre, PA  18703-0910
      Telephone: 570-824-3511
      Attorneys for SWN Production Company, LLC