IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

<u>*VIA ELECTRONIC FILING*</u>

| | |
|---|---|
| *Charles Rice Kendall and Ann P. Hochberg, as Trustees for the Thomas E. Proctor Heirs Trust and Bank of America, N.A., John J. Slocum, Jr. as Trustees for the Margaret O.F. Proctor Trust,* | |
| *Plaintiffs,* | |
| *v.* | NO. 4:17-CV-01117 (Judge Matthew W. Brann) |
| *Lancaster Exploration & Development Company, LLC,* | |
| *Defendant,* | |
| *Chief Oil & Gas, LLC, Chief Exploration and Development, LLC, Enerplus Resources(USA) Corporation, Radler 2000 LP, Tug Hill Marcellus, LLC, SWN Production Company, LLC,* | |
| *Intervenors* | |

**CHIEF OIL & GAS, LLC, CHIEF EXPLORATION AND DEVELOPMENT, LLC, ENERPLUS RESOURCES (USA) CORPORATION, RADLER 2000 LP, AND TUG HILL MARCELLUS, LLC'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Intervenors Chief Oil & Gas, LLC, Chief Exploration and Development, LLC, Enerplus Resources (USA) Corporation, Radler 2000 LP, and Tug Hill Marcellus LLC ("Chief Intervenors"), by and through undersigned counsel, answer

the Complaint filed by Plaintiffs Charles Rice Kendall and Ann P. Hochberg, as Trustees for the Thomas E. Proctor Heirs Trust ("PHT") and Bank of America, N.A. and John J. Slocum, as Trustees for the Margaret O.F. Proctor Trust ("MPT") (collectively, "Plaintiffs") in this matter as follows:[1]

1. Denied. After reasonable investigation, Chief Intervenors lack knowledge and information sufficient to admit or deny the allegations in this paragraph. Chief Intervenors therefore deny those allegations.

2. Denied. After reasonable investigation, Chief Intervenors lack knowledge and information sufficient to admit or deny the allegations in this paragraph. Chief Intervenors therefore deny those allegations.

3. Denied. After reasonable investigation, Chief Intervenors lack knowledge and information sufficient to admit or deny the allegations in this paragraph. Chief Intervenors therefore deny those allegations.

4. Denied. After reasonable investigation, Chief Intervenors lack knowledge and information sufficient to admit or deny the allegations in this paragraph. Chief Intervenors therefore deny those allegations.

---

[1] Given that the Court's order on the plaintiffs' motion for summary judgment (Doc. 51) is unclear with respect to the Chief Intervenors and the time for filing a responsive pleading has arrived, the Chief Intervenors are filing this answer and affirmative defenses.

5. Denied. After reasonable investigation, Chief Intervenors lack knowledge and information sufficient to admit or deny the allegations in this paragraph. Chief Intervenors therefore deny those allegations.

6. Denied. The averments in this paragraph are conclusions of law and are therefore denied.

7. Denied. After reasonable investigation, Chief Intervenors lack knowledge and information sufficient to admit or deny the allegations in this paragraph. Chief Intervenors therefore deny those allegations.

8. Denied. After reasonable investigation, Chief Intervenors lack knowledge and information sufficient to admit or deny the allegations in this paragraph. Chief Intervenors therefore deny those allegations.

9. Denied. The averments in this paragraph are conclusions of law and are therefore denied.

10. Denied. The averments in this paragraph are conclusions of law and are therefore denied.

11. Denied. The averments in this paragraph are conclusions of law and are therefore denied.

12. Denied. After reasonable investigation, Chief Intervenors lack knowledge and information sufficient to admit or deny the allegations in this paragraph. Chief Intervenors therefore deny those allegations.

13. Denied. After reasonable investigation, Chief Intervenors lack knowledge and information sufficient to admit or deny the allegations in this paragraph. Chief Intervenors therefore deny those allegations.

14. Denied. After reasonable investigation, Chief Intervenors lack knowledge and information sufficient to admit or deny the allegations in this paragraph. Chief Intervenors therefore deny those allegations.

15. Admitted.

16. Denied. After reasonable investigation, Chief Intervenors lack knowledge and information sufficient to admit or deny the allegations in this paragraph. Chief Intervenors therefore deny those allegations.

17. Denied. After reasonable investigation, Chief Intervenors lack knowledge and information sufficient to admit or deny the allegations in this paragraph. Chief Intervenors therefore deny those allegations.

18. Denied. After reasonable investigation, Chief Intervenors lack knowledge and information sufficient to admit or deny the allegations in this paragraph. Chief Intervenors therefore deny those allegations.

19. Denied. After reasonable investigation, Chief Intervenors lack knowledge and information sufficient to admit or deny the allegations in this paragraph. Chief Intervenors therefore deny those allegations.

20. Denied. After reasonable investigation, Chief Intervenors lack knowledge and information sufficient to admit or deny the allegations in this paragraph. Chief Intervenors therefore deny those allegations.

21. Denied. After reasonable investigation, Chief Intervenors lack knowledge and information sufficient to admit or deny the allegations in this paragraph. Chief Intervenors therefore deny those allegations.

22. Denied. After reasonable investigation, Chief Intervenors lack knowledge and information sufficient to admit or deny the allegations in this paragraph. Chief Intervenors therefore deny those allegations.

23. Denied. After reasonable investigation, Chief Intervenors lack knowledge and information sufficient to admit or deny the allegations in this paragraph. Chief Intervenors therefore deny those allegations.

24. Denied. After reasonable investigation, Chief Intervenors lack knowledge and information sufficient to admit or deny the allegations in this paragraph. Chief Intervenors therefore deny those allegations.

25. Denied. After reasonable investigation, Chief Intervenors lack knowledge and information sufficient to admit or deny the allegations in this paragraph. Chief Intervenors therefore deny those allegations.

26. Denied. The averments in this paragraph are conclusions of law and are therefore denied.

27. Denied. The averments in this paragraph are conclusions of law and are therefore denied.

28. Denied. After reasonable investigation, Chief Intervenors lack knowledge and information sufficient to admit or deny the allegations in this paragraph. Chief Intervenors therefore deny those allegations.

29. Admitted.

30. Denied. The averments in this paragraph are conclusions of law and are therefore denied.

31. Denied. The averments in this paragraph are conclusions of law and are therefore denied.

32. Denied. The averments in this paragraph are conclusions of law and are therefore denied.

33. Denied. The averments in this paragraph are conclusions of law and are therefore denied.

34. Denied. After reasonable investigation, Chief Intervenors lack knowledge and information sufficient to admit or deny the allegations in this paragraph. Chief Intervenors therefore deny those allegations.

35. Denied. The averments in this paragraph are conclusions of law and are therefore denied.

36. Denied. After reasonable investigation, Chief Intervenors lack knowledge and information sufficient to admit or deny the allegations in this paragraph. Chief Intervenors therefore deny those allegations.

37. Denied. After reasonable investigation, Chief Intervenors lack knowledge and information sufficient to admit or deny the allegations in this paragraph. Chief Intervenors therefore deny those allegations.

## COUNT I - QUIET TITLE

38. Denied. Chief Intervenors incorporate by reference all preceding paragraphs of this Answer as if fully set forth herein.

39. Denied. The averments in this paragraph are conclusions of law and are therefore denied.

40. Denied. The averments in this paragraph are conclusions of law and are therefore denied.

41. Denied. The averments in this paragraph are conclusions of law and are therefore denied.

42. Denied. After reasonable investigation, Chief Intervenors lack knowledge and information sufficient to admit or deny the allegations in this paragraph. Chief Intervenors therefore deny those allegations.

43. Denied. The averments in this paragraph are conclusions of law and are therefore denied.

44. Denied. The averments in this paragraph are conclusions of law and are therefore denied.

45. Denied. The averments in this paragraph are conclusions of law and are therefore denied.

## AFFIRMATIVE DEFENSES

Chief Intervenors assert the following affirmative defenses, pursuant to Federal Rule of Civil Procedure 8(c).

## FIRST AFFIRMATIVE DEFENSE

Chief Intervenors are *bona fide* purchasers of the Lease for value who are not bound by personal covenants between Lancaster and the Plaintiffs that are unrecorded.

## SECOND AFFIRMATIVE DEFENSE

The Letter Agreements are unenforceable as to the Chief Intervenors under Pennsylvania's recording laws.

## THIRD AFFIRMATIVE DEFENSE

The relevant statute of limitations and/or the doctrine of laches bars Plaintiffs' claims.

## FOURTH AFFIRMATIVE DEFENSE

The doctrine of unclean hands bars Plaintiffs' claims because the Plaintiffs' knowingly and voluntarily entered into the Lease and Letter Agreement through the unchallenged actions of prior trustee(s); the Plaintiffs accepted approximately $3 million paid by the Chief Intervenors for the assignment of the Lease; Plaintiffs wrongfully repudiated the Lease that they knowingly and voluntarily entered into; they have not returned any of the approximately $3 million they accepted for the Lease; and after repudiating the Lease, the Plaintiffs request that the Court authorize their recovery of millions more from Lancaster that Chief Intervenors paid for acquiring the Lease.

## FIFTH AFFIRMATIVE DEFENSE

The doctrines of waiver and/or estoppel bars Plaintiffs' claims for the reasons set forth in previous affirmative defenses.

## SIXTH AFFIRMATIVE DEFENSE

The Letter Agreements are unenforceable for lack of consideration.

## SEVENTH AFFIRMATIVE DEFENSE

The doctrine of ratification bars Plaintiffs' claims.

## EIGHTH AFFIRMATIVE DEFENSE

The Letter Agreements being personal covenants between Lancaster and the Trusts, they do not bind or affect the underlying Lease acquired by Chief

Intervenors by assignment, which Lease on its face satisfies the requirements of the GMRA and which compels the Chief Intervenors to pay a one-eighth royalty to the lessor; whatever the lessor(s) elected to do with their share of the royalty is irrelevant to the GMRA question and the Chief Intervenors' obligations.

**NINTH AFFIRMATIVE DEFENSE**

The Plaintiffs remedy if the Lease is invalid is limited to modification of the royalty provision to conform the agreement to the requirements of the GMRA, a remedy not foreclosed by the statute or any case law, and is particularly appropriate in this case given that the Plaintiffs knowingly and voluntarily agreed to share their royalty interest with Lancaster as consideration for the agreements of those parties.

**TENTH AFFIRMATIVE DEFENSE**

The Plaintiffs have not stated a claim against the Chief Intervenors for which the Court may grant relief.

WHEREFORE, Chief Intervenors demand judgment in their favor and against Plaintiffs, together with any recoverable costs and attorneys' fees and all other relief that the Court finds necessary or appropriate.

**COZEN O'CONNOR**

/s/ George A. Bibikos
George A. Bibikos (PA 91249)
17 N. Second St., Suite 1410
Harrisburg, PA 17101
(717) 703-5907 (t)
(215) 701-2256 (f)
gbibikos@cozen.com

*Counsel to Chief Oil and Gas, LLC; Chief Exploration and Development, LLC; Radler 2000 L.P.; Tug Hill Marcellus, LLC; and Enerplus Resources (USA) Corporation*

Dated: June 6, 2018

# CERTIFICATE OF SERVICE

  I hereby certify that I filed the foregoing document using the Court's ECF system such that it will be automatically served on counsel for the parties.

                 /s George A. Bibikos